UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB MOSKOWITZ,<br><br>        Plaintiff,<br><br> vs.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No.:<br>21-cv-03030-ALC<br><br>**FIRST AMENDED COMPLAINT**<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

   Plaintiff, Jacob Moskowitz ("Plaintiff"), by his attorneys, Lipsius-BenHaim Law, LLP, for his First Amended Complaint against defendant, Principal Life Insurance Company ("Principal Life" or "Defendant") alleges as follows:

   1. Plaintiff Jacob Moskowitz was and is a resident of the State of York and, therefore, a citizen of the State of New York within the meaning and intent of 28 U.S.C. §1332.

   2. Upon information and belief, Defendant was and is an insurance company organized and existing under the laws of the State of Iowa where it maintains its principal place of business located at 711 High Street, Des Moines, Iowa. Principal Life is a citizen of the State of Iowa within the meaning and intent of 28 U.S.C. §1332.

   3. The amount in controversy between the parties, exclusive of interest and costs of suit, exceeds $75,000.00 within the meaning of 28 U.S.C. §1332.

   4. This Court maintains diversity jurisdiction pursuant to 28 U.S.C. §1332.

   5. Venue is proper in this Court under 28 U.S.C. §1446(a) because this is a removed action and the United States District Court for the Southern District of New York includes the County of New York where the State court action was pending.

   6. At all relevant times, Principal was authorized to, and in fact did, issue life insurance policies on the life of residents of New York.

7. Principal Life issued a life insurance policy, policy number 4767122 with a policy date of December 26, 2013 (the "Policy") on the life of Odel Moskowitz.

8. The Policy provides a death benefit of $1,000,000 upon the death of Odel Moskowitz.

9. At all relevant times, the insured, Odel Moskowitz resided in New York.

10. From the inception of the Policy to present, plaintiff Jacob Moskowitz, Odel Moskowitz's husband, was the sole beneficiary of the Policy.

11. Pursuant to the terms of the Policy and applicable statutes, Principal was obligated to send notification of when premium payments were due and how much was due.

12. A grace period notice dated December 26, 2015 requires payment of $632.11 by January 28, 2016.

13. The grace period notice states that "[i]f the required payment is not received in our Home Office, or we receive less than the amount requested above, your policy will terminate on 01/28/2016.

14. Pursuant to the terms of the Policy, premium payments of differing amounts could be made annually, semi-annually, or quarterly.

15. The Policy owner had the option of paying premium on a semi-annual basis.

16. Upon information and belief, the semi-annual premium due by January 28, 2016 was $323.96

17. The Policy owner had the option of paying premium on a quarterly basis.

18. Upon information and belief, the quarterly premium due by January 28, 2016 was $165.93.

19. The grace period notice demanded an incorrect and excessive amount.

20. The grace period notice was defective.

21. The grace notice was not mailed to the Policy owner.

22. Principal has asserted the Policy has lapsed and the policy has been cancelled.

23. As a matter of law, the Policy has not lapsed.

24. Principal's purported notice of cancellation failed to comply with applicable Policy terms.

25. Principal's purported notice of cancellation failed to comply with applicable law.

26. Principal did not comply with statutory notice requirements.

27. Principal did not comply with statutory grace period requirements.

28. Principal did not comply with statutory policy termination provisions.

29. Principal did not comply with the notice requirements of the Policy.

30. Principal did not comply with the grace period requirements of the Policy.

31. Principal did not comply with the policy termination provisions of the Policy.

32. Principal failed to send notice of cancellation in accordance with Policy terms.

33. Principal failed to send notice of cancellation in accordance with the law.

34. As a result of Principal's failures, the Policy did not lapse.

35. Under case law and applicable statute, Principal's attempted cancellation of the Policy is unlawful.

36. The Policy owner has always been prepared to pay any outstanding premiums.

37. Plaintiff is prepared and has always been prepared to pay any outstanding premiums.

38. All required premium payments were made until Principal Life refused to accept them.

39. In or about February 2016, a premium payment of $632.11 was sent in to Principal Life to pay Policy premium.

40. Principal Life rejected the February 2016 premium and returned it.

41. Principal Life's rejection of the February 2016 premium was a breach of the Policy terms, which required Principal to accept Policy premiums.

42. Principal Life's rejection of the February 2016 premium put the Policy owner on notice that Principal Life would not accept any future premium payments.

43. Principal Life's rejection of the February 2016 premium put the Policy owner on notice that any future premium payment to Principal Life would be futile.

44. On or about July 11, 2019, Odel Moskowitz passed away.

45. Principal has failed to pay the death benefit.

46. Jacob Moskowitz is entitled to the death benefit of $1,000,000, plus interest.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Principal in the amount of $1,000,000.00, plus interest, and awarding plaintiff its costs of the suit, attorneys' fees, and such other relief as the Court may deem just and proper.

Dated: Kew Gardens, New York
May 10, 2021

**LIPSIUS-BENHAIM LAW, LLP**
*Attorneys for Plaintiff*

By: _____
Ira S. Lipsius
David BenHaim
Phillip M. Manela
80-02 Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
Telephone: 212-981-8440
Facsimile: 888-442-0284