## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB MOSKOWITZ,<br><br>Plaintiff,<br><br>-against-<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 1:21-cv-03030-ALC-SN |

---

**BRIEF IN SUPPORT OF MOTION OF PRINCIPAL LIFE INSURANCE COMPANY TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
570 Broad Street, Suite 1500
Newark, New Jersey 07102
Attorneys for Defendant Principal Life
Insurance Company

Colleen M. Duffy, Esq.
Of Counsel and On the Brief

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF FACTS ................................................................................... 4

LEGAL ARGUMENT ........................................................................................ 4

## POINT ONE

PLAINTIFF'S ACTION TO RECOVER ON A
TERMINATED POLICY IS TIME-BARRED ...................................................... 4

## POINT TWO

PLAINTIFF'S AMENDED COMPLAINT FAILS
TO PROVIDE NOTICE OF AND STATE A CLAIM.............................................. 6

A.   Applicable Legal Standard.................................................................... 6

B.   Plaintiff's Amended Complaint Fails to Provide Notice of a Claim...................... 8

## POINT THREE

PRINCIPAL LIFE COMPLIED WITH THE NOTICE
REQUIREMENTS OF THE STATUTE AND THE POLICY ...................................... 9

A.   New York Insurance Law §3211 ............................................................ 10

B.   N.Y. Ins. Law §3211(a) And (b) Do Not Apply To
Renewable One Year Term Policies ......................................................... 11

C.   Substantial Compliance With §3211 Is All That Is Required............................. 11

D.   Principal Life's Premium Notice Complied With The Statute............................. 13

E.   Principal Life's Grace Period Notice Complied With The Policy........................ 17

## POINT FOUR

THE POLICY LAPSED FOLLOWING ONE YEAR
FROM THE OCCURRENCE OF THE DEFAULT.................................................. 18

CONCLUSION ................................................................................................ 21

i

## **TABLE OF AUTHORITIES**

**Page(s)**

<span style="font-variant: small-caps">CASES</span>

Arista Records, LLC v. Doe 3,
   604 F.3d 110 (2d Cir. 2010)........................................................................................9

Ashcroft v. Iqbal,
   566 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)...........................................8

Bell Atl. Corp. v. Twombly,
   550 U.S. 544, 127 S.Ct. 1955, L.Ed. 2d 929 (2007)..............................................7, 8

Blau v. Allianz Life Ins. Co. of North America,
   124 F. Supp. 3d 161, 195 (E.D.N.Y. 2015) .............................................................10

Brown v. N.Y Life Ins. Co.,
   59 F. Supp. 721 (D.N.J. 1943) ..................................................................................14

Brown v. Travelers Ins. Co.,
   288 N.Y.S. 822 (N.Y. City Ct. 1935)........................................................................21

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002)........................................................................................9

Colon v. Nationwide Mut. Fire Ins. Co.,
   211 A.D. 2d 579, 621 N.Y.S. 2d 608 (1st Dept. 1995)............................................16

Danaher Corp. v. Travelers Indem. Corp.,
   2014 WL 1133472 (S.D.N.Y. Mar. 21, 2014) .........................................................10

Dobbs v. First Alexander Hamilton Life Ins. Co.,
   231 A.d.2d 959, 648 N.Y.S.2d 381 (4th Dept. 1996) ..............................................20

Falco v. Unum Provident Corp.,
   2007 WL 1014568 (E.D.N.Y. Mar. 30, 2007) .....................................................6, 22

Flint v. Provident Life and Trust Co.,
   215 N.Y. 254, 109 N.E. 248 (1915)..........................................................................14

Friedman v. Allcity Ins. Co.,
   118 A.D. 2d 517, 500 N.Y.S. 2d 124 (1st Dept. 1986)............................................16

Friedman v. Lincoln Life & Annuity Co. of New York,
   989 N.Y.S.2d 482, 118 A.D. 3d 940 (2d Dept. 2014) .............................................11

Hantman v. Helsmoortel-Thornton Agency Inc.,
   224 A.D 2d 752, 636 N.Y.S. 2d 934 (3d Dept. 1996), lv den., 88 N.Y. 2d 804,
   668 N.E. 2d 417, 645 N.Y.S. 2d 446 (1996)...........................................................................16

Holly v. Metro. Life Ins. Co.,
   105 N.Y. 437 (N.Y. 1887) ...........................................................................................14

In re Bristol-Myers Squibb Sec. Litig.,
   312 F.Supp.2d 549 (S.D.N.Y. 2004)............................................................................9

In re NYSE Specialists Sec. Litig.,
   503 F.3d 89 (2d Cir. 2007)...........................................................................................8

In re Preston's Estate,
   32 A.D.2d 110, 300 N.Y.S.2d 44 (2d Dept. 1969), rev'd on other grounds, 29
   N.Y. 2d 364, 278 N.E.2d 623, 328 N.Y.S.2d 405 (1972).........................................20

Kaplan v. Equitable Life Assur. Soc. of U.S.,
   177 Misc. 792, 31 N.Y.S.2d 972, aff'd, 261 A.D. 1067, 27 N.Y.S. 2d 780 (1st
   Dept), appeal denied, 262 A.D. 727, 28 N.Y.S.2d 704 (1940)................................20

Klein v. Ins. Co.,
   104 U.S. 88 (1881)......................................................................................................14

Lebovitz v. PHL Variable Ins. Co.,
   199 F. Supp. 3d 678, 681 (E.D.N.Y. 2016) ..............................................................19

Maloney v. John Hancock Mutual Life Insurance Co.,
   271 F.2d 609 (2d Cir. 1959)......................................................................................13

Margulis v. William Penn Assn,
   123 Misc.2d 216, 472 N.Y.S.2d 848 (1984).......................................................20, 21

McCormack v. Security Mutual Life Co.,
   220 N.Y. 447, 116 N.E. 74 (1917).............................................................................13

McDougall v. Provident Sav. Life Assur. Socy. of N.Y.,
   135 N.Y. 551, 32 N.E. 251 (1892)................................................................12, 13, 14

Munno v. Town of Orangetown,
   391 F.Supp.2d 263 (S.D.N.Y. 2005)...........................................................................9

Nassau v. Murray,
   46 N.Y.2d 828, 386 N.E.2d 1085, 414 N.Y.S.2d 117 (1978)...................................16

News Syndicate Co. v. Gatti Paper Stock Corporation,
   256 N.Y. 211, 176 N.E. 169 (1931)...........................................................................16

Pardo v. Central Co-op Ins Co.,
    223 A.D. 2d 832, 636 N.Y.S. 2d 184 (3d Dept. 1996) ...........................................................16

Phelan v. Northwestern Mut. Life Ins. Co.,
    113 N.Y. 147, 20 N.E. 827 (1889) ......................................................................................13

Pike v. N.Y. Life Ins. Co.,
    72 A.D. 3d 1043 (N.Y. App. Div. 2010) ...............................................................................7

Pinkof v. Mutual Life Ins. Co.,
    49 A.D.2d 452, 375 N.Y. S. 2d (2d Dept. 1975) ..................................................................20

Ross v. AXA Equitable Life Ins. Co.,
    No. 15-2665-cv, 2017 WL 730266 (2d Cir. Feb. 23, 2017) ...........................................15, 20

Ruotolo v. City of New York,
    514 F.3d 184 (2d Cir. 2008).................................................................................................7

Starker v. Prudential Ins. Co. of America,
    282 N.Y.S. 845 (4th Dept. 1935) ........................................................................................20

Stein v. Am. Gen. Life Ins. Co.,
    665 F. App'x 73 (2d Cir. 2016) ..........................................................................................14

Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,
    517 F.3d 104 (2d Cir. 2008)..................................................................................................7

Weiss v. Sec. Mut. Life Ins. Co. of N.Y.,
    45 N.Y.S.3d 169 (App. Div. 2017) .....................................................................................19

William Garden & Son v. Batterson,
    198 N.Y. 175, 91 N.E. 371 (1910) ......................................................................................16

**STATUTES**

N.Y. Ins. Law § 92 .....................................................................................................................21

N.Y. Ins. Law § 3211 ...................................................................3, 11, 13, 14, 15, 16, 17, 19, 22

N.Y. Ins. Law § 3211(a)(1) .........................................................................................................21

N.Y. Ins. Law § 3211(a) and (b) ........................................................................................3, 12, 13

N.Y. Ins. Law § 3211(c)........................................................................................................3, 15

N.Y. Ins. Law § 3211(d) ........................................................................................................2, 6

**Rules**

CPLR § 201.................................................................................................................5

CPLR § 214(2)..........................................................................................................2, 6

Fed. R. Civ. P. 12(b)(6)....................................................................................1, 4, 7, 8

## PRELIMINARY STATEMENT

This Brief is respectfully submitted on behalf of Defendant Principal Life Insurance Company ("Principal Life") in support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

This case arises out of the non-renewal and termination of a One Year Term Life Insurance Policy Renewable to Age 80 in the face amount of $1,000,000 ("the Policy") on the life of Odel Moskowitz ("Moskowitz") for non-payment of premium in December 2015. The Policy was placed in force effective December 26, 2013 for a one year term upon payment of the $632.11 annual premium. Thereafter, an annual renewal premium payment of $632.11 was made in January, 2015 renewing the Policy for a one year term to December 25, 2015. The annual renewal payment of $632.11 due no later than the grace period end date of January 28, 2016 in order to renew the Policy for another one year term was not timely made. Thus, the Policy terminated effective December 25, 2015.

A check belatedly received by Principal Life, on February 8, 2016, in the amount of $632.11 was returned because the Policy had already terminated effective December 25, 2015. Thereafter, Moskowitz did not tender any premiums. She also did not seek reinstatement in accordance with the terms of the Policy. Moskowitz died more than three (3) years later in July, 2019. Her spouse, Plaintiff Jacob Moskowitz, instituted this action seeking to recover on the Policy in March,

1

2021.

Plaintiff's suit should be dismissed for several reasons.  First, Plaintiff's action to recover on the Policy is time-barred.  New York Insurance Law §3211(d) expressly provides a strict limitations period of two years for the filing of suit to recover on a life insurance policy terminated because of default in the payment of premiums.  The Policy herein was not renewed and terminated for non-payment of premium on December 25, 2015.  The §3211(d) statute of limitations, therefore, expired on December 25, 2017.  In addition, actions for breach of insurance law must be brought within three years pursuant to New York CPLR §214(2).  The §214(2) statutory period of limitations expired on December 25, 2018.  Because Plaintiff did not file this suit until March 3, 2020, it should be dismissed as time-barred.

Second, Plaintiff's Amended Complaint fails to provide notice of and state a claim.  The Amended Complaint merely recites conclusions such as "Principal Life did not comply with statutory notice requirements" and "Principal Life did not comply with the notice requirements of the Policy."  No statutory provisions or policy provisions with which Principal Life allegedly did not comply are identified by Plaintiff.  As a result, the Amended Complaint, filed in response to Principal Life's Pre-Motion Conference letter, should be dismissed with prejudice.

Third, Plaintiff has no viable claim as a matter of law.  The Declaration of

2

Principal Life's Technical Director presumptively establishes, pursuant to N.Y. Ins. Law §3211(c), and the documentary evidence demonstrates that Principal Life's Premium Notice was in full compliance with New York Insurance Law.  At the outset, N.Y. Ins. Law §3211(a) and (b) do not apply to renewable one year term policies.  Even if deemed applicable, Principal Life complied with §3211(a) and (b).  Plaintiff's quibbles that, upon information and belief, Principal Life's Grace Period Notice should have requested premium in the amount of $323.96 or $165.93 instead of $632.11 is in error and, even if correct, would amount to nothing more than an inconsequential de minimus mistake.  N.Y. Ins. Law §3211(a) and (b) do not require the issuance of any Grace Period Notice whatsoever.  Further, the Policy does not require that a Grace Period Notice set forth the amount of the premium due.

Fourth, even in the event Principal Life's Premium Notice was somehow deemed not valid, the Policy terminated after one year of non-payment.  Noncompliance with N.Y. Ins. Law §3211 means only that an insurer may not terminate a policy within one-year of default.  Here, the Policy remained in its terminated non-renewed status at all times after December, 2015, i.e., for more than three (3) years until Moskowitz's death in July, 2019.

For these reasons and as further demonstrated below, Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

The facts of this case are set forth at length in the accompanying Declaration of John R. Williams and, for brevity, will not be repeated here.

## LEGAL ARGUMENT

## POINT ONE

## PLAINTIFF'S ACTION TO RECOVER ON A TERMINATED POLICY IS TIME-BARRED

Plaintiff's action to recover on the Policy which terminated on December 25, 2015 for default in the payment of the premium required to renew the Policy for a one year term is time-barred.

The statutes of limitations for actions in the State of New York are set forth in Article 2 of New York CPLR entitled Limitations of Time.  Pursuant to CPLR §201, an action must be commenced within the time specified in Article 2 unless a different time is prescribed by law or a shorter time is prescribed by written agreement.  CPLR §201 provides as follows:

> 201. Application of article. **An action**, including one brought in the name or for the benefit of the state, **must be commenced within the time specified in this article unless a different time is prescribed by law** or a shorter time is prescribed by written agreement.  No court shall extend the time limited by law for the commencement of an action.  [Emphasis supplied.]

New York Insurance Law expressly sets forth the limitations period for actions to recover on a lapsed policy.  New York Insurance Law §3211(d) "sets a

4

strict two year statute of limitations for policies which have lapsed due to non-payment of premiums." Falco v. Unum Provident Corp., 2007 WL 1014568, *5 (E.D.N.Y. Mar. 30, 2007). Section 3211(d) provides a two year limitations period as follows:

> (d) **No action shall be maintained to recover on any life insurance policy**, or on any such non-cancellable contract of permanent and total disability insurance, **which has lapsed because of default in making such payment** (except an action to recover the cash surrender value or nonforfeiture benefit) **unless the action is instituted within two years from the date of such default**. [Emphasis added.]

Here, Moskowitz defaulted in the payment of premium when the premium payment required to renew the Policy for a one year term in the amount of $632.11 was not made by the due date of December 26, 2015 or by the end of the grace period, January 28, 2016. Thus, the Policy terminated effective December 25, 2015, which was the date through which premiums were paid. The time to bring an action to recover on the Policy, therefore, expired two years from the date of default, December 25, 2017. Plaintiff's action instituted on March 3, 2021 is grossly out-of-time.

Alternatively, Plaintiff's claims are time-barred by New York CPLR §214(2) which provides a three year statute of limitations for claims brought in "an action to recover upon a liability, penalty or forfeiture created or imposed by statute." See, Pike v. N.Y. Life Ins. Co., 72 A.D. 3d 1043, 1047 (N.Y. App. Div. 2010) (holding

claims based on breach of insurance law subject to three-year statute of limitations).

Here, the Policy was not renewed and, therefore, terminated on December 25, 2015, more than three years before the action was commenced on March 3, 2021. As a result, Plaintiff's claims are time-barred.

## POINT TWO

### PLAINTIFF'S AMENDED COMPLAINT FAILS TO PROVIDE NOTICE OF AND STATE A CLAIM

**A.    Applicable Legal Standard**

Rule 12(b)(6) allows a party to move for dismissal based on the complaint's "failure to state a claim upon which relief can be granted."   To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008) (quoting, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167, L.Ed. 2d 929 (2007)).   The Court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008).

In assessing a party's complaint, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."   Ashcroft v. Iqbal, 566 U.S. 662, 129 S.Ct. 1937, 1950, 173

L.Ed.2d 868 (2009).   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.  Plaintiff cannot simply set out the elements of a claim; he must plead "a complaint with enough factual matter (taken as true) to suggest the required elements."   Twombly, 550 U.S. at 556.   A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Id. at 555.  This Court may dismiss a complaint under Rule 12(b)(6) where it lacks any cognizable basis in law.  See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (holding court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations.").

A plaintiff must provide a "statement of circumstances, occurrences, and events in support of the claim presented," and cannot just make a "bare averment that he wants relief and is entitled to it." Twombly, 550 U.S. at 555 n. 3.  "[M]ere 'labels and conclusions' or 'formulaic recitation[s] of the elements of a cause of action will not do'; rather, the complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level.'"  Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010).

In addition, the Court may consider documents referenced in, attached to, or integral to a pleading, despite not being attached to the pleading without converting a 12(b)(6) motion into one for summary judgment.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Munno v. Town of Orangetown, 391 F.Supp.2d 263, 268 (S.D.N.Y. 2005).  "The court need not accept as true an allegation that is contradicted by documents on which the complaint relies."  In re Bristol-Myers Squibb Sec. Litig., 312 F.Supp.2d 549, 555 (S.D.N.Y. 2004).

## B.    Plaintiff's Amended Complaint Fails to Provide Notice of a Claim

In addition to being vague and unclear, the allegations in the Complaint[1] are conclusory rather than factual.  For example, paragraphs 24 through 33 of the Amended Complaint merely conclude:

24.  Principal's purported notice of cancellation failed to comply with applicable Policy terms.

25.  Principal's purported notice of cancellation failed to comply with applicable law.

26.  Principal did not comply with statutory notice requirements.

27.  Principal did not comply with statutory grace period requirements.

28.  Principal did not comply with statutory policy termination provisions.

29.  Principal did not comply with the notice requirements of the Policy.

---

[1] A copy of the Amended Complaint is annexed to the Declaration of Colleen Duffy as Exh. A.

30. Principal did not comply with the grace period requirements of the Policy.

31. Principal did not comply with the policy termination provisions of the Policy.

32. Principal failed to send notice of cancellation in accordance with Policy terms.

33. Principal failed to send notice of cancellation in accordance with the law.

Such conclusory allegations lack factual basis and fail to put Principal Life on notice of the claims made against it.  See, Blau v. Allianz Life Ins. Co. of North America, 124 F. Supp. 3d 161, 195 (E.D.N.Y. 2015); Danaher Corp. v. Travelers Indem. Corp., 2014 WL 1133472, at *6 (S.D.N.Y. Mar. 21, 2014) (dismissing claim for insurance dispute for failure to state a claim where plaintiff failed to allege the basis for its claim).

Here, Plaintiff's Amended Complaint should be dismissed with prejudice.  In its Pre-Motion Conference Letter, Principal Life put Plaintiff on notice that it sought dismissal for failure to state a claim.  Plaintiff's Amended Complaint has not cured the identified defects.  Any further amendment is unwarranted and would be futile.

**POINT THREE**

**PRINCIPAL LIFE COMPLIED WITH
THE NOTICE REQUIREMENTS OF
THE STATUTE AND THE POLICY**

All claims of Plaintiff fail and should be dismissed because, as a matter of law, Principal Life's Premium Notice and Grace Period Notice were fully in

compliance with the terms of the Policy and New York Insurance Law.  See, Friedman v. Lincoln Life & Annuity Co. of New York, 989 N.Y.S.2d 482, 118 A.D. 3d 940 (2d Dept. 2014)(finding insurer's notices and lapsing of policy proper and entering judgment for insurer).

## A.  New York Insurance Law §3211

New York Insurance Law §3211 delineates the Notice of Premium Due to be provided by insurers.  Specifically, subsections (a) and (b) describe the Notice of Premium Due which must be "duly mailed to the last known address of the policyowner" in order for a policy to terminate or lapse by reason of default in the payment of premium in less than one year after such default":

> **§3211.  Notice of premium due under life or disability insurance policy; notice to assignees of non-payment of premium**
>
> (a)(1) **No policy of life insurance** or non-cancellable disability insurance delivered or issued for delivery in this state, and no life insurance certificate delivered or issued for delivery in this state by a fraternal benefit society, **shall terminate or lapse by reason of default in payment of any premium**, installment, or interest on any policy loan **in less than one year after such default, unless, for scheduled premium policies, a notice shall have been duly mailed at least fifteen and not more than forty-five days prior to the day when such payment becomes due**, . . .
>
> *       *       *
>
> (b)  **The notice required by paragraph one of subsection (a) hereof shall:**

10

(1) **be duly mailed to the last known address of the policyowner, or if any other person shall have been designated in writing to receive such notice, then to such other person;**

(2) **state the amount of such payment, the date when due, the place where and the person to whom it is payable; and shall also state that unless such payment is made on or before the date when due or within the specified grace period thereafter, the policy shall terminate or lapse except as to the right to any cash surrender value or nonforfeiture benefit.**   [Emphasis supplied.]

**B.**   **N.Y. Ins. Law §3211(a) And (b) Do Not Apply To Renewable One Year Term Policies**

N.Y. Ins. Law §3211(a) and (b) provisions do not apply to renewable one year term policies.   See, <u>McDougall v. Provident Sav. Life Assur. Socy. of N.Y.</u>, 135 N.Y. 551, 32 N.E. 251 (1892) (wherein the New York Court of Appeals characterized as an "interesting one" but did not decide the issue whether the predecessor statute of §3211 applied to one-year renewable policies).   Principal Life respectfully submits that, for the reasons set forth by the insurer in <u>McDougall</u>, §3211(a) and (b) do not apply to one year renewable policies and, thus, there can be no viable claim against Principal Life for alleged failure to comply with §3211(a) and (b) with regard to the non-renewal of the Policy therein.

**C.**   **Substantial Compliance With §3211 Is All That Is Required**

Strict adherence to the statutory notice provisions is not required. All that is

necessary is for the purpose and the intent of the notice statutes to be followed. The courts of this State all hold that the notice provisions "must be interpreted so as not to operate in an unduly harsh manner upon insurance companies". Maloney v. John Hancock Mutual Life Insurance Co., 271 F.2d 609 (2d Cir. 1959). "The obligation of the statute must not be unreasonably insisted upon." McDougall v. Providence Sav. Life Assur. Soc. of N.Y., 135 N.Y. 551, 32 N.E. 251 (1892). "[T]here is no requirement of literal adherence to one invariable form," McCormack v. Security Mutual Life Co., 220 N.Y. 447, 455, 116 N.E. 74 (1917). Instead, the "[s]tatute and notice must receive a construction that will prevent their becoming a trap either to insurer or to assured." Id. Courts interpreting compliance with the statute generally focus only on the need to adequately explain that non-payment could result in the forfeiture of benefits under the policy. See, e.g., Phelan v. Northwestern Mut. Life Ins. Co., 113 N.Y. 147, 151-52, 20 N.E. 827 (1889), Flint v. Provident Life and Trust Co., 215 N.Y. 254, 109 N.E. 248, 257-58 (1915).  As long as a notice serves its purpose of providing the requisite information to put the insured on notice of the impending lapse, courts do not require strict compliance with Section 3211. See, e.g., McDougall v. Provident Sav. Life Assurance Soc'y of N.Y., 135 N.Y. 551, 556 (N.Y. 1892) (discussing predecessor statute) ("The statute was not meant to operate harshly upon the insurer, but to afford a protection to the assured, by the reasonable requirement of a notice, couched in plain terms, from the insurer, before

the interest of the assured could be forfeited.").   The Second Circuit recently

clarified that the New York "notice requirements should not be construed as

creating a 'trap' for either the insurer or the insured."   <u>Stein v. Am. Gen. Life Ins.

Co.</u>, 665 F. App'x 73, 76 (2d Cir. 2016).  To the contrary, the statute mandates that,

even where a notice is not in technical compliance, the policy lapses one year after

nonpayment of premiums.[2] Fundamentally, life insurance is not free, and regardless

of any notice deficiencies, if a policy holder fails to pay premiums a policy will

lapse.   <u>See</u> <u>Ross v. AXA Equitable Life Ins. Co.</u>, No. 15-2665-cv, 2017 WL

730266, at *3 (2d Cir. Feb. 23, 2017).

## D.   **Principal Life's Premium Notice Complied With The Statute**

As stated above, New York Insurance Law §3211 requires that a Notice of

Premium stating the amount due, the date due, the place where payable, and that the

policy shall terminate unless payment is made within the specified grace period be

---

[2] A policyowner has as an ongoing obligation to pay sufficient premiums to keep a policy
in force. <u>See</u> <u>Brown v. N.Y Life Ins. Co.</u>, 59 F. Supp. 721, 724 (D.N.J. 1943) ("Payment
of the premium on the policy in question on or before the due date . . . or within the
period of grace, was a condition precedent to the continuance of the policy and the right
of recovery thereon."); <u>Holly v. Metro. Life Ins. Co.</u>, 105 N.Y. 437, 444 (N.Y. 1887)
("Punctuality in the payment of premiums in the case of a life insurance policy is of the
very essence of the contract, and when payment is not made at the time the company has
the right to forfeit if such is the contract."); <u>Klein v. Ins. Co.</u>, 104 U.S. 88, 91 (1881)
("The provision, therefore, for the release of the company from liability on a failure of the
insured to pay the premiums when due is of the very essence and substance of the contract
of life insurance. To hold the company to its promise to pay the insurance,
notwithstanding the default of the assured in making punctual payment of the premiums,
is to destroy the very substance of the contract.").

duly mailed to the last known address of the policyowner.   The documentary evidence, the authenticity and duly mailing of which is demonstrated in the Declaration of John R. Williams ("Williams Declaration"), in accordance with New York Ins. Law §3211(c), establishes that Principal Life's Premium Notice fully complied with New York Insurance Law.

Subsection (c) of §3211 provides that "the statement of any officer, employee or agent of such insurer, or of any one authorized to mail such notice, subscribed and affirmed by him as true under the penalties of perjury, stating facts which show that the notice required by this section has been duly addressed and mailed shall be presumptive evidence that such notice has been duly given."   "An insurance company may create a presumption that the insured received a notice of cancellation by describing the standard operating procedure used by the insurance company to ensure that such notices are properly mailed or [it] can provide proof of actual mailing…" Tracy v. William Penn Life Ins. Co. of New York, 234 A.D.2d 745, 747, 650 N.Y.S. 2d 907, citing, Pardo v. Central Co-op Ins Co., 223 A.D. 2d 832, 636 N.Y.S. 2d 184 (3d Dept. 1996).[3]   "Where … the proof exhibits an office practice and procedure followed by the insurers in the regular course of their

---

[3] See, also, Colon v. Nationwide Mut. Fire Ins. Co., 211 A.D. 2d 579, 621 N.Y.S. 2d 608 (1st Dept. 1995); Friedman v. Allcity Ins. Co., 118 A.D. 2d 517, 500 N.Y.S. 2d 124 (1st Dept. 1986); Hantman v. Helsmoortel-Thornton Agency Inc., 224 A.D 2d 752, 636 N.Y.S. 2d 934 (3d Dept. 1996), lv den., 88 N.Y. 2d 804, 668 N.E. 2d 417, 645 N.Y.S. 2d 446 (1996).

business, which shows that the notices of cancellation have been duly addressed and mailed, a presumption arises that those notices have been received by the insureds." Nassau v. Murray, 46 N.Y.2d 828, 386 N.E.2d 1085, 414 N.Y.S.2d 117 (1978), citing, News Syndicate Co. v. Gatti Paper Stock Corporation, 256 N.Y. 211, 176 N.E. 169 (1931); see, also, William Garden & Son v. Batterson, 198 N.Y. 175, 91 N.E. 371 (1910).

Here, Principal Life's December 6, 2015 Premium Notice fully complied with §3211. The Premium Notice was duly mailed to Moskowitz at her last known address twenty (20) days before the premium due date. The Premium Notice stated the amount of premium due of $632.11, the date due of December 26, 2015, the place where due and payable of Principal Life Insurance Company, P.O. Box 10360, Des Moines, Iowa 50306-0360, and stated that "in the event the premium is not received by the due date, we will allow a 31-day grace period after that date to pay the premium. If the premium is not paid by the end of the grace period, your policy will terminate or lapse." Williams Declaration at ¶¶ 54-59. In addition, Moskowitz's receipt of the December 6, 2015 Premium Notice is conclusively known. When Moskowitz mailed an out-of-time check to Principal Life (not received until February 8, 2016) payable in the amount of $632.11, she included the lower return portion of the December 6, 2015 Premium Notice in her mailing. Id. at ¶60 and Exhibit O.

15

As is apparent, given Principal Life's compliance with the provisions of §3211 of New York Insurance Law detailing the required contents of Premium Notices and Moskowitz's undeniable receipt of the December 6, 2015 Premium Notice, any minor quibble Plaintiff may have about the contents of the Premium Notice is insufficient to state a claim for relief.  Plaintiff cannot be heard to complain about the stated amount payable of $632.11 which was the annual premium amount required to renew the Policy for another year. Moskowitz, herself, selected the premium mode frequency of "annual" in the Application annexed to and a part of the Policy and the Policy expressly states in the Data Sheet and Table of Premiums the premium frequency of "annual" and the annual premium amount of "$632.11."  Williams Declaration at Exhibit D.

Further, as detailed in the Williams Declaration, a prior Premium Notice was previously sent to Moskowitz and the payment requested therein was timely paid within the grace period.  Following Principal Life's mailing of a December 6, 2014 Premium Notice to Moskowitz, a premium payment was made by telephone on January 23, 2015 in the amount of $632.11.  Id. at ¶¶49-53.  Thus, Moskowitz clearly understood and agreed that the premium mode frequency was "annual" and the annual amount due was "$632.11."

As a result, Plaintiff's Complaint fails to state a claim against Principal Life for alleged failure to comply with New York Insurance Law.

16

**E.      Principal Life's Grace Period Notice Complied With The Policy**

The Policy expressly addresses the mailing, receipt, and timing of Grace Period Notices.  Except for the first premium, a grace period of 31 days is allowed for the payment of each premium.  If the premium is not paid within the grace period, the policy terminates effective on the premium due date.  Specifically, the Principal Life Renewable Term Policy provides as follows:

> **GRACE PERIOD**
>
> Except for the first premium, a grace period of 31 days will be allowed for the payment of each premium. The grace period begins when we mail a Notice of impending policy termination to You. If a premium is not paid when due or within the grace period, it is in default and the policy will terminate effective on the premium due date. We will mail a Notice of impending termination to Your last post office address known to Us.
>
> If the Insured dies during a grace period, We will pay the death proceeds to the beneficiary(ies) subject to the Death Proceeds section of this policy.

Williams Declaration at Exhibit D at p. 5.

In compliance with this Policy provision, Principal Life mailed a Grace Period Notice to Moskowitz at her last known office address on December 26, 2015.   Williams Declaration at ¶¶56-57 and Exhibit L.  Accordingly, Plaintiff has no viable cause of action against Principal Life for alleged failure to comply with the Policy.

**POINT FOUR**

**THE POLICY LAPSED FOLLOWING ONE
YEAR FROM THE OCCURRENCE OF THE
DEFAULT**

Even if Principal Life's Premium Notice dated December 6, 2015 was somehow deemed not valid, the Policy lapsed after one year of non-payment. Noncompliance with New York Ins. Law §3211 means only that an insurer cannot lapse a policy within one year of the default. An insurer "may still lapse the policy after that period." Lebovitz v. PHL Variable Ins. Co., 199 F. Supp. 3d 678, 681 (E.D.N.Y. 2016)(holding that "[a]lthough noncompliance with § 3211 means that an insurer cannot lapse the policy within one year of the default, it may still lapse the policy after that period."); Weiss v. Sec. Mut. Life Ins. Co. of N.Y., 45 N.Y.S.3d 169, 171 (App. Div. 2017) (noting that, "[r]egardless of whether the premium notice mailed by the defendant to the plaintiff complied with the statutory requirements relied upon by the plaintiff (see Insurance Law § 3211[b]), the policy lapsed by its terms, and in accordance with the statute (see Insurance Law § 3211[a][1]), one year after the due date of the missed premium payment").

Section §3211(a)(1) expressly provides that its notice requirements need only be met in order for an insurer to terminate a Policy "in less than one year after default" in the payment of any premium. The only consequence of non-compliance

18

with the notice requirement is that any lapse of the Policy for non-payment of premiums is postponed for a period of one year after the default.  In re Preston's Estate, 32 A.D.2d 110, 300 N.Y.S.2d 44 (2d Dept. 1969), rev'd on other grounds, 29 N.Y. 2d 364, 278 N.E.2d 623, 328 N.Y.S.2d 405 (1972); Margulis v. William Penn Assn, 123 Misc.2d 216, 472 N.Y.S.2d 848 (1984); Starker v. Prudential Ins. Co. of America, 282 N.Y.S. 845 (4th Dept. 1935).  Where more than one year elapses after the premium due date without payment of the premium, life policies stand automatically lapsed and forfeited, irrespective of whether any notice of the premium due date was mailed or received.  Kaplan v. Equitable Life Assur. Soc. of U.S., 177 Misc. 792, 31 N.Y.S.2d 972, aff'd 261 A.D. 1067, 27 N.Y.S. 2d 780 (1st Dept), appeal denied, 262 A.D. 727, 28 N.Y.S.2d 704 (1940); Pinkof v. Mutual Life Ins. Co., 49 A.D.2d 452, 375 N.Y. S. 2d, 618 (2d Dept. 1975); Dobbs v. First Alexander Hamilton Life Ins. Co., 231 A.d.2d 959, 648 N.Y.S.2d 381 (4th Dept. 1996).  The statute mandates that, even where a notice is not in technical compliance, the policy lapses one year after nonpayment of premiums. Fundamentally, life insurance is not free, and regardless of any notice deficiencies, if a policyowner fails to pay premiums a policy will lapse.  See Ross v. AXA Equitable Life Ins. Co., No. 15-2665-cv, 2017 WL 730266, at *3 (2d Cir. Feb. 23, 2017).

N.Y. Ins. Law § 3211(a)(1) and the case law interpreting it reflect the public

policy of the State of New York that life insurance is not free and will lapse, at the latest, one year after the default in the payment of premium.  See, e.g., Brown v. Travelers Ins. Co., 288 N.Y.S. 822, 825 (N.Y. City Ct. 1935) ("[I]f no notice whatsoever had been sent by the company, the policy would undoubtedly have lapsed after default in the payment of premiums for one year. Section 92 of the Insurance Law [the predecessor to § 3211] is operative only to prevent forfeiture without notice within the period of one year from the occurrence of the default, not after the expiration of such period."); Margulis v. William Penn Ass 'n, 472 N.Y.S.2d 848, 850-851 (N.Y. Civ. Ct. 1984) ("The only consequence of non-compliance with respect to a section 151 [predecessor statute] notice is that the lapse or termination is postponed until one year after the date of the default" -- also stating that the courts may not postpone lapse beyond one year after the default in paying premium); Falco v. Unum Provident Corp., 2007 WL 1014568, at *5 (E.D.N.Y. Mar. 30, 2007) ("[I]n cases in which the insurer neglected to mail a premium-due notice or where there is no evidence of such a mailing, a life insurance or disability policy will be deemed to have lapsed one year from the date the premiums were originally due."); see also, Circular Letter No. 2008-7, N.Y. Ins. Dep't (Apr. 10, 2008) (defective notice only keeps policy in effect for one year).

Here, Moskowitz defaulted in the payment of premiums required to renew the Policy for a one year term, effective December 26, 2015.  After an out-of-time

premium payment was returned to Moskowitz in February, 2016, no premium payments were tendered. Thus, the Policy terminated in accordance with New York law no later than one year after the default in making premium payments.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Principal Life Insurance Company respectfully requests that the Amended Complaint of Plaintiff Jacob Moskowitz be dismissed with prejudice.

Respectfully Submitted,

Date:  May 28, 2021

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Defendant
Principal Life Insurance Company
570 Broad Street, Suite 1500
Newark, New Jersey 07102
Telephone:  (973) 565-2077
Facsimile:  (973) 622-5314
Email: cduffy@mdmc-law.com

By: _____
      COLLEEN M. DUFFY, ESQ.

4428248

21