## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JACOB MOSKOWITZ,<br><br>Plaintiff,<br><br>      -against-<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 1:21-cv-03030-ALC-SN |

---

### REPLY BRIEF IN SUPPORT OF MOTION OF PRINCIPAL LIFE INSURANCE COMPANY TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
570 Broad Street, Suite 1500
Newark, New Jersey 07102
Attorneys for Defendant Principal Life
Insurance Company

Colleen M. Duffy, Esq.
Of Counsel and On the Brief

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................1

LEGAL ARGUMENT ....................................................................................................3

    POINT ONE.............................................................................................................3

        PLAINTIFF'S   ACTION   TO   RECOVER   ON   A
        TERMINATED POLICY IS TIME-BARRED .......................................3

    POINT TWO ............................................................................................................5

        PLAINTIFF'S   AMENDED   COMPLAINT   FAILS   TO
        PROVIDE NOTICE OF AND STATE A CLAIM ..................................5

    POINT THREE .........................................................................................................6

        PRINCIPAL   LIFE   COMPLIED   WITH   THE   NOTICE
        REQUIREMENTS   OF   THE   STATUTE   AND   THE
        POLICY ................................................................................................6

           A.     N.Y. Ins. Law §3211(a) and (b) Do Not Apply To
                  Renewable One-Year Term Policies.............................................6

           B.     Principal   Life's   Premium   Notice   Complied   With
                  The Statute ..................................................................................7

           C.     Principal Life's Grace Period Notice Complied With
                  The Policy ..................................................................................10

    POINT FOUR ..........................................................................................................11

        THE   POLICY   LAPSED   FOLLOWING   ONE   YEAR
        FROM THE DATE OF DEFAULT.......................................................11

CONCLUSION ..............................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<small>CASES</small>

Blau v. Allianz Life Ins. Co. of North America,
    124 F. Supp. 3d 161, 195 (E.D.N.Y. 2015) ..............................................................5

Cohen v. Companion Life Ins. Co.,
    56 Misc. 3d 1202(A), 63 N.Y.S. 3d 304 (Nassau Cty. 2017), <u>aff'd</u>, 179 A.D.
    3d 765 (2d Dept. 2020) ........................................................................................6, 10

Danaher Corp. v. Travelers Indem. Corp.,
    2014 WL 1133472 (S.D.N.Y. Mar. 21, 2014) ........................................................5

Dermott v. Jones,
    69 U.S. 1, 17 L.Ed 762 (1864) ..............................................................................6

Fowler v. Metrop.,
    116 N.Y. 389, 22 N.E. 576 (1889) ........................................................................6

Halberstam v. Alliance Life Ins. co. of N. Am.,
    349 F. Supp. 3d 164, 167 (E.D.N.Y. 2018) ......................................................8, 11

Jakobovits v. Alliance Life Ins. Co. of N. Am.,
    2017 WL 3049538 (S.D.N.Y. Jul. 18, 2017)...................................................3, 4, 8

Justice v. McGovern,
    2013 WL 1809634 (E.D.N.Y. Apr. 29, 2013).........................................................5

Katz v. American Mayflower Life Ins. Co. of N.Y.,
    14 A.D. 3d 195 (1st Dept. 2004)...........................................................................11

Lebovits v. PHL Variable Ins. Co.,
    2014 WL 1312073 (E.D.N.Y. Mar. 28, 2014) .......................................................4

Lord v. Dall,
    12 Mass. 115 Am. Dec. 38 (1815) ........................................................................6

McDougall v. Provident Sav. Life Assur. Socy. of N.Y.,
    135 N.Y. 551, 32 N.E. 251 (1892)................................................................5, 6, 10

McMillian v. Farm Bureau Mut. Auto. Ins. Co.,
    282 A.D. 1091 (3d Dept. 1953) .............................................................................8

Pike v. N.Y. Life Ins. Co.,
   72 A.D.3d 1043 (N.Y. App. Div. 2010)...................................................................4

Posner v. Coopers & Lybrand,
   92 F.R.D. 765 (S.D.N.Y. 1981) ..............................................................................5

Reich v. Bankers Life and Cas. Co. of New York,
   99 A.D. 2d 457, 471 N.Y.S. 2d 287 (1ˢᵗ Dept. 1984) ............................................3

Spinnato v. Unity of Omaha Life Ins. Co.,
   322 F. Supp. 3d 377, 391 (E.D.N.Y. 2018) ............................................................4

Thompson v. Postal Life Ins. Co.,
   226 N.Y. 363, 123 N.E. 750 (N.Y. 1919) ...............................................................3

Von Hoffmann v. Prudential Ins. Co. of Am.,
   202 F. Supp. 2d 252 (S.D.N.Y. 2002) .....................................................................4

**STATUTES**

CPLR §214(2) ....................................................................................................................2

N.Y. Ins. Law § 151(2) .....................................................................................................3

N.Y. Ins. Law § 3203(a)(1) ...............................................................................................9

N.Y. Ins. Law §3211...........................................................................................................1

N.Y. Ins. Law §3211(d) and CPLR §214(2) .....................................................................3

New York Ins. Law §3211(c)..............................................................................................7

## PRELIMINARY STATEMENT

This Reply Brief is respectfully submitted on behalf of Defendant Principal Life Insurance Company ("Principal Life") in further support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's Amended Complaint should be dismissed with prejudice.  Therein, Plaintiff merely alleges in conclusory fashion that Principal Life breached statutory and Policy provisions, but he completely fails to identify any statute or Policy provision.  Plaintiff's Opposition Brief does not say otherwise.  For this reason alone, the Amended Complaint should be dismissed with prejudice, but there are several more reasons.

Plaintiff's action is clearly time-barred.  In a desperate attempt to somehow salvage his suit, Plaintiff retreats to the position that his Amended Complaint asserts a "single cause of action for breach of contract."  (Pb 4).  However, nowhere in the Amended Complaint or Opposition Brief does Plaintiff identify a provision of the Policy that Principal Life allegedly breached. There is none.

Elsewhere in his Opposition Brief, Plaintiff claims that Principal Life's Premium Notice violated N.Y. Ins. Law §3211.  This claim is barred by the statute of limitations expressly set forth in section (d) of N.Y. Ins. Law §3211 barring actions to recover under a policy brought more than two years after lapse.  Plaintiff's citation to cases holding that §3211(d) does not apply to declaratory judgment actions is no aid to Plaintiff.  This is not a declaratory judgment action, but one to recover under a lapsed policy.  Likewise, his reliance on cases suggesting that §3211(d) doesn't apply where a lapse was improper is misplaced.  Such cases are wholly inapposite here.  Principal Life's Premium Notice and lapse of the Policy fully complied with and precisely followed §3211.

1

Further, even if not time-barred by §3211(d), Plaintiff's action is barred by the three-year statute of limitations of CPLR §214(2).  Controlling New York law holds that §214(2) applies to actions for alleged breach of New York Insurance Law.

In addition, even if not time-barred, Plaintiff's claim under §3211 is not viable.  At the outset, §3211, the purpose of which is to prevent the forfeiture of policies in which the insured has a vested interest, does not apply to renewable term policies.  Further, even if §3211 is applicable, Principal Life's Premium Notice fully compiled with its requirements.  The Policy at issue here is a scheduled premium policy and, indeed, contained therein a Table of Premiums setting forth the annual premium due for each successive renewable year.  For the first 10 years, and as requested by the insured, the Guaranteed Annual Premium was $632.11.  Further, also at the request of the insured, the Premium Frequency was "Annual" and the Bill Frequency was "Annual."  The cases cited by Plaintiff involving universal and flexible life policies that do not have scheduled premiums are of no relevance here.  All New York cases, that have reviewed Premium Notices for scheduled premium policies, rule that Premium Notices setting forth therein the amount due for the Premium Frequency and Bill Frequency selected by the insured comply with §3211.

Further, even in the event Principal Life's Premium Notice was somehow deemed not valid, the Policy terminated one-year after lapse pursuant to §3211.  Principal Life at no time insisted upon performance beyond the terms of the Policy.  Further, assuming, solely for the purpose of argument, that the out-of-time $632.11 check prevented the lapse of the Policy for a one-year period commencing on December 26, 2015, there was no payment or tender of the premiums necessary to renew the Policy after December 25, 2016.  Thus, the Policy terminated, as a matter of law, no later than December 25, 2017.

## **LEGAL ARGUMENT**

### **POINT ONE**

### **PLAINTIFF'S ACTION TO RECOVER ON A TERMINATED POLICY IS TIME-BARRED**

Plaintiff's action to recover on the Policy is time-barred by both N.Y. Ins. Law §3211(d) and CPLR §214(2).  The cases cited by Plaintiff do not support his position that neither statute of limitations is applies.

Plaintiff's reliance on Thompson v. Postal Life Ins. Co., 226 N.Y. 363, 123 N.E. 750 (N.Y. 1919), is sorely misplaced.  Therein, the Court of Appeals held that the "notice required by Section 92 [now §3211] of the Insurance Law had been received in due season by the insured" and "the policy therefore lapsed unless the forfeiture was waived."  Solely because Postal Life waived the forfeiture, the Court of Appeals concluded that "reinstatement [of the policy] followed automatically upon the waiver" and, thus, the policy was not lapsed and the statute of limitations was not even implicated.  Here, there was no waiver by Principal Life of its proper lapsing of the Policy.

In Reich v. Bankers Life and Cas. Co. of New York, 99 A.D. 2d 457, 471 N.Y.S. 2d 287 (1st Dept. 1984), the First Department did not hold, as Plaintiff claims, that "the time limitation of §3211(d) does not apply in instances where the insurer failed to send proper notice." (Pb 2).  Instead, the First Department reversed the Supreme Court's entry of summary judgment in favor of the policy owners and "declined to grant summary judgment in favor of defendant [insurer] on the statute of limitations ground" because there were "questions of fact" including whether the insured's death occurred before the policy lapse and "thus, the action is not on a policy which has become lapsed" under N.Y. Ins. Law § 151(2), a predecessor to §3211(d).

Jakobovits v. Alliance Life Ins. Co. of N. Am., 2017 WL 3049538 (S.D.N.Y. Jul. 18,

2017), is of no aid to Plaintiff. In that case, the court found §3211(d) inapplicable because, unlike here, the plaintiff therein "does not bring statutory claims under §3211." The Jakobovits court further instructed, citing Thompson, that §3211(d) "applies to claims based on policies that insurers have rightfully lapsed, i.e., terminated due to failure to pay premiums." 2017 WL 3049538 at *8. Such is precisely what occurred here. Principal Life rightfully lapsed the Policy due to the failure to pay premiums.

Lebovits v. PHL Variable Ins. Co., 2014 WL 1312073 (E.D.N.Y. Mar. 28, 2014), does not support Plaintiff's position. Therein, the court held, citing and quoting Thompson, that §3211 applies to "actions to recover under policies," but not to "an action which seeks a judicial declaration that a policy exists." Plaintiff's action herein is not a declaratory judgment action, but an action to recover under the Policy, to which §3211(d) indisputably applies.

Additionally, because this action involves Plaintiff's allegations that Principal Life violated the requirements of New York Insurance Law, CPLR §214(2) also applies. Plaintiff inexplicably asserts that, "the action is not one to recover upon a liability imposed by statute, rather it is an action for breach of contract." (Pb 3.) However, Plaintiff's Amended Complaint and Opposition Brief repeatedly allege and argue that Principal Life violated statutes and nowhere identify any contractual policy provision allegedly breached.

Here, Plaintiff's Amended Complaint and Opposition Brief center on Principal Life's alleged violation of §3211. Case after case has confirmed that CPLR §214(2) applies to actions alleging violations of New York Insurance Law. See, e.g., Spinnato v. Unity of Omaha Life Ins. Co., 322 F. Supp. 3d 377, 391 (E.D.N.Y. 2018); Von Hoffmann v. Prudential Ins. Co. of Am., 202 F. Supp. 2d 252, 264 (S.D.N.Y. 2002); Pike v. N.Y. Life Ins. Co., 72 A.D.3d 1043, 1047 (2d Dept. 2010).

## POINT TWO

## PLAINTIFF'S AMENDED COMPLAINT FAILS TO PROVIDE NOTICE OF AND STATE A CLAIM

As demonstrated in Principal Life's Initial Brief, Plaintiffs' Amended Complaint, filed in response to Principal Life's Pre-Motion Conference Letter, fails to provide notice of and state a claim. The Amended Complaint merely recites conclusions such as "Principal Life did not comply with statutory notice requirements" and "Principal Life did not comply with the notice requirements of the Policy." No statutory provisions or Policy provisions allegedly breached are identified. Such conclusory allegations lack factual basis and fail to put Principal Life on notice of the claims made against it. See, Blau v. Allianz Life Ins. Co. of North America, 124 F. Supp. 3d 161, 195 (E.D.N.Y. 2015); Danaher Corp. v. Travelers Indem. Corp., 2014 WL 1133472, at *6 (S.D.N.Y. Mar. 21, 2014). Further, Plaintiff neither points to any allegations in his Complaint where statutory or Policy provisions are identified nor seeks leave to file a Second Amended Complaint. As a result, the Amended Complaint should be dismissed with prejudice. "When the plaintiff is put on notice of the deficiencies in his complaint and fails to correct them in the amended complaint, dismissal with prejudice is proper." Posner v. Coopers & Lybrand, 92 F.R.D. 765, 770 (S.D.N.Y. 1981); Justice v. McGovern, 2013 WL 1809634, at *3 (E.D.N.Y. Apr. 29, 2013).

## POINT THREE

## PRINCIPAL LIFE COMPLIED WITH THE NOTICE REQUIREMENTS OF THE STATUTE AND THE POLICY

**A.      §3211(a) and (b) Do Not Apply To Renewable One-Year Term Policies**

No court has decided whether the notice requirements of §3211 even apply to renewable term policies.  In <u>McDougall v. Provident Sav. Life Assur. Socy. of N.Y.</u>, 135 N.Y. 551, 32 N.E. 251 (1892), the issue was recognized as an "interesting one and its solution might not be free from difficulty," but left undecided because the insurer's "notice was in sufficient compliance with the statute and plaintiffs were not entitled to recover."  Thus, the Court of Appeals stated that "we do not think it necessary to pass upon the question."  135 N.Y. at 555.[1]  In <u>Cohen v. Companion Life Ins. Co.</u>, 56 Misc. 3d 1202(A), 63 N.Y.S. 3d 304 (Nassau Cty. 2017), <u>aff'd</u>, 179 A.D. 3d 765 (2d Dept. 2020), cited by Plaintiff, the insurer therein did <u>not</u> raise the argument as to whether §3211 applied to renewable term policies.  As a result, neither the Supreme Court nor the Second Department decided the issue.

Principal Life respectfully requests that this Court determine that §3211 does not apply to renewable term policies.  Because the insured of a renewable term policy has no vested interest in the policy (by reason of premium paid), the statute could not apply to such cases.  <u>Lord v. Dall</u>, 12 Mass. 115, 7 Am. Dec. 38 (1815); <u>Fowler v. Metrop.</u>, 116 N.Y. 389, 22 N.E. 576 (1889); <u>Dermott v. Jones</u>, 69 U.S. 1, 17 L.Ed 762 (1864).  As the Court of Appeals in <u>McDougall</u> explained the argument in favor of non-applicability:

> Upon the construction of this statute the appellants' counsel has made an elaborate argument, to the effect that it cannot be

---

[1] The <u>McDougall</u> court further instructed that "If the provisions of the act are to be extended in their application to the case of a contract made for the insurance of a life for the term of twelve months, the flexibility of its language must certainly admit the sufficiency of a notice from the insurer in conformity with that contract."  135 N.Y. at 557.

applicable to this kind of contract.  With much ability he has analyzed its provisions and insists that they must refer, by force of the language used, to the ordinary policy of insurance, which is to be kept in force, until the happening of the event assured against, by regular payments, annually, or at short stated periods.  In the continuance of such a policy the assured has a vested interest; by reason of the fact that his annual payments are calculated and fixed at amounts to cover more than a risk from year to year and go to form a reserve, or accumulated fund, to be offset against insurance in after years and which will enable the insurer to make eventual payments.  The learned counsel argues that the mischief to be remedied by this statute is the forfeiture of such a vested interest; whereas, in this policy, the insurance agreement is for a term of one year, the payment was for such a risk and it constituted no consideration for any insurance beyond the expiration of the term. [135 N.Y.S. at 554-55.]

**B.**     **Principal Life's Premium Notice Complied With The Statute**

The documentary evidence, the authenticity and mailing of which is demonstrated in the Williams Declaration in accordance with N.Y. Ins. Law §3211(c), establishes that Principal Life's Premium Notice fully complied with New York Insurance Law.  Plaintiff does not refute or question any statement contained in or document annexed to the Williams Declaration.

Moskowitz's receipt of the December 6, 2015 Premium Notice is conclusively known. When she mailed an out-of-time check to Principal Life (not received until February 8, 2016) payable in the amount of $632.11, she included the lower return portion of the December 6, 2015 Premium Notice in her mailing.  Id. at ¶60 and Exhibit O.

Plaintiff cannot be heard to complain about the stated amount due of $632.11 which was the annual premium amount required to renew the Policy for another year. Moskowitz, herself, selected the Premium Frequency of "Annual" and the Bill Frequency of "Annual" in the Application annexed to and a part of the Policy and the Policy expressly states in the Data Sheet and Table of Premiums the Premium Frequency of "Annual" and the Annual Premium Amount

of "$632.11." Williams Declaration at ¶ 30, ¶ 38 Exhibit D. While the Policy did permit Moskowitz to request Principal Life's approval to a change of the frequency mode to monthly, quarterly, or semi-annually, she <u>never</u> made such a request. <u>Id</u>. at ¶ 40 ("You may change the frequency of premium payments with Our approval"), ¶ 62, Exhibit D. Further, as detailed in the Williams Declaration, a prior December 6, 2014 Premium Notice was previously sent to Moskowitz and the $632.11 payment requested therein was timely paid within the grace period. <u>Id</u>. at ¶¶49-53. Thus, Moskowitz clearly understood and agreed that the premium mode frequency was "Annual" and the annual amount due was "$632.11."

Further, as Plaintiff admits, the Annual Statement for the Policy listed, in addition to the annual premium amount due of $632.11, the semi-annual, quarterly, and monthly pre-authorized withdrawal amounts for premium payment frequencies other than annual. Williams Declaration at Exh. M. Moskowitz did not make any premium payment whatsoever prior to the January 28, 2016 due date. <u>Id</u>. at ¶ 59. She also at no time communicated to Principal Life a belief that the premium due amount of $632.11 was incorrect or more than that required. Indeed, prior to Principal Life's termination of the Policy on January 28, 2016, a check dated January 25, 2016 payable to Principal Life in the amount of $632.11 was written out. <u>Id</u>. at Exh. O. Had she disagreed with the amount, Moskowitz should have communicated that to Principal Life and made payment accordingly. <u>See</u>, <u>McMillian v. Farm Bureau Mut. Auto. Ins. Co.</u>, 282 A.D. 1091, 1092 (3d Dept. 1953) ("If the plaintiff desired to stand upon his claim [that he had to pay less than the stated amount]…he should have advised the company of that claim and should have tendered payment accordingly"); <u>Jakobovits v. Alliance Life Ins. Co. of N. Am.</u>, 2017 WL 3049538, * 7 (S.D.N.Y. Jul. 18, 2017). Moskowitz did not do so.

The cases cited by Plaintiff involving the lapsing of universal and flexible life policies are

inapposite here.  Universal and flexible life policies, unlike scheduled premium policies, do not require a fixed premium.  Instead, such policies provide a policy owner flexibility to determine the timing and amount of premiums to submit within the limits of the policy which typically contains three different complex tests for the insurer's evaluation each month to determine whether the policy enters a grace period.  See, Halberstam v. Alliance Life Ins. co. of N. Am., 349 F. Supp. 3d 164, 167 (E.D.N.Y. 2018).  The grace period and the premium amount due for universal and flexible life policies are also different than that for scheduled premium policies as set forth in N.Y. Ins. Law § 3203(a)(1):

> **For policies in which the amount and frequency of premiums may vary, after payment of the first premium,** the policy is entitled to a sixty-one day grace period, beginning on the day when the insurer determines that the policy's net cash surrender value is insufficient to pay the total charges necessary to keep the policy in force for one month from that day, within which to pay sufficient premium to keep the policy in force for three months from the date the insufficiency was determined.  **For all other policies,** after payment of the first premium, the policyholder is entitled to thirty-one day grace period or of one month following any subsequent premium due date within which to make payment of the premium then due.  During such grace period, the policy shall continue in full force.

§3211(a)(1) distinguishes the different premium notice mailing requirements for scheduled premium policies versus variable premium policies:

> (a)(1) No policy of life insurance or non-cancellable disability insurance delivered or issued for delivery in this state, and no life insurance certificate delivered or issued for delivery in this state by a fraternal benefit society, shall terminate or lapse by reason of default in payment of any premium, installment, or interest on any policy loan in less than one year after such default, unless, **for scheduled premium policies**, a notice shall have been duly mailed at least fifteen and not more than forty-five days prior to the day when such payment becomes due **or for life insurance policies in which the amount and frequency of premiums may vary**, no earlier than and within thirty days after the day when the insurer

determines that the net cash surrender value under the policy is insufficient to pay the total charges that are necessary to keep the policy in force.  A separate notice shall not be required for insurance that is supplemental to a policy of life insurance.

§3211(a)(2) sets forth a distinct requirement, applicable only to variable premium policies and <u>not</u> to scheduled premium policies:

> (2)  **If a life insurance policy or life insurance certificate provides that the policyholder or certificate holder may vary the amount and frequency or premiums to be paid to the insurer,** premiums, installments and interests on loans will be considered due on the day when the failure of insurer or fraternal benefit society to receive an amount of premium, installment or interest on loan would cause such policy or certificate to terminate or lapse, and the failure to pay such amount shall be considered a default.

As is readily apparent, the cases cited in Plaintiff's Opposition Brief at pp. 6-7 which address only universal and flexible life policies are of no import here.  Instead, applicable here are the two New York cases addressing premium notices for renewable term scheduled premium policies, like the Policy herein, <u>McDougall v. The Provident Savings Life Assurance Society</u>, 135 N.Y. 551, 32 N.E. 251 (1892), and <u>Cohen v. Companion Life Ins. Co.</u>, 56 Misc. 3d 1202(A), 63 N.Y.S. 3d 304 (Nassau Cty. 2017), <u>aff'd</u>, 179 A.D. 3d 765 (2d Dept. 2020).  In <u>McDougall</u>, precisely like the Policy herein, the policy provided for the payment of an annual premium prior to the renewal of the policy for each successive year.  The Court of Appeals, in considering the beneficiaries' action to recover on the policy, reviewed the insurer's premium notice stating the amount of the annual premium due and "Held, that the notice was a sufficient compliance with the statute and that plaintiffs were not entitled to recover."  135 N.Y. at 551.  In <u>Cohen</u>, also an action to collect the proceeds of a lapsed scheduled premium renewable term policy, "the method of premium payment selected by the insured was indicated as quarterly."  The court held that the

10

insurer's premium notice setting forth the amount due for a three-month quarterly period complied with §3211, granting summary judgment to the insurer.

**C.**    **Principal Life's Grace Period Notice Complied With The Policy**

As demonstrated in the Williams Declaration, Principal Life's Grace Period Notice complied with the Policy.  Williams Declaration at ¶¶56-57 and Exhibit L.  Plaintiff does not refute Principal Life's compliance.  Accordingly, Plaintiff has no viable cause of action against Principal Life for alleged failure to comply with the Policy.  See, Katz v. American Mayflower Life Ins. Co. of N.Y., 14 A.D. 3d 195, 198 (1st Dept. 2004)(dismissing breach of contract claims where plaintiff "has not, and cannot, identify any contractual provision that has been breached").

**POINT FOUR**

**THE POLICY LAPSED FOLLOWING ONE
YEAR FROM THE DATE OF DEFAULT**

Even if Principal Life's Premium Notice was somehow deemed not valid, the Policy lapsed after one year of non-payment.  Section §3211(a)(1) expressly provides that its notice requirements need only be met in order for an insurer to terminate a policy "in less than one year after default" in the payment of any premium.  The only consequence of non-compliance with the notice requirement would be that the lapse of the Policy was postponed for a period of one year after the default.  See, cases cited at pp. 18-20 of Principal Life's Initial Brief.

Here, Moskowitz defaulted in the payment of premiums required to renew the Policy for a one-year term, effective December 26, 2015.  After an out-of-time premium payment was returned to Moskowitz in February, 2016, no premium payments were tendered. Thus, the Policy terminated in accordance with New York law no later than one year after the default in making premium payments.  Plaintiff's reliance on Halberstam v. Alliance Life Ins. Co. of N. Am., 349

11

F. Supp. 3d 164 (E.D.N.Y. 2018), is misplaced.  Therein, the policy owner repeatedly questioned the amount due set forth in the Premium Notice.  The court held that the insurer, which requested $50,000 in premium <u>more</u> than the amount actually due, had repudiated the contract because it insisted upon performance beyond the terms of the policy.  Here, Moskowitz at no time questioned the $632.11 amount due stated in the Premium Notice.  She also did not pay a lesser amount prior to the termination date.  Principal Life, therefore, had no notice of any claim by Moskowitz that less than $632.11 was due.  Further, Principal Life in no way insisted upon performance beyond the terms of the Policy.  Thus, Principal Life did not repudiate the Policy.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Principal Life Insurance Company respectfully requests that the Amended Complaint of Plaintiff Jacob Moskowitz be dismissed with prejudice.

Respectfully Submitted,

Dated: July 9, 2021

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Defendant
Principal Life Insurance Company
570 Broad Street, Suite 1500
Newark, New Jersey 07102
Telephone:  (973) 565-2077
Facsimile:  (973) 622-5314
Email: <u>cduffy@mdmc-law.com</u>

By: _____
        COLLEEN M. DUFFY, ESQ.

4472989

12